# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISICPLINE OF
DIANA HILLEWAERT, BAR NO. 8815.

No. 70987

FILED

NOV 1 0 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Diana Hillewaert. Under the agreement, Hillewaert admitted to violations of RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 3.2 (expediting litigation).

Hillewaert represented multiple clients in a lawsuit against their employer, filing a complaint and an answer to a cross complaint, proceeding with discovery, and engaging opposing counsel in settlement discussions. Hillewaert failed to take action after opposing counsel stopped communicating with her, however, and Hillewaert's clients attempted to contact her multiple times over a period of several years without substantive response. Nothing was filed in the case between 2010 and June 2016, when Hillewaert filed a request for hearing to set trial. Opposing counsel then filed a motion to dismiss the lawsuit for lack of prosecution.

Under the plea agreement, Hillewaert agreed to a 60-day suspension, which is to be stayed for 24 months subject to Hillewaert satisfying the following conditions during that period: (1) meet with a mentor approved by bar counsel once a month to discuss Hillewaert's caseload, deadlines in her cases, the status of retainers and/or payments

16-35194

from clients, and any other matters relevant to diligently and expeditiously representing her clients; (2) submit quarterly reports to bar counsel detailing when Hillewaert met with her mentor and any concerns the mentor has and including a status chart of Hillewaert's open cases; and (3) refrain from engaging in any conduct which violates the Rules of Professional Conduct, and if discipline is issued as a result of Hillewaert's conduct during the stay period, then, absent a subsequent disciplinary panel's finding of mitigating factors that warrant continuation of the stay, the stay is lifted and the suspension is imposed. Hillewaert also agreed to pay for the costs of the disciplinary proceeding in the amount of $750 plus the court reporter and mailing costs within 60 days of this order.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Considering the duties violated, Hillewaert's state of mind (knowing), the injury to her clients (delay in their proceedings and potential dismissal of their lawsuit), the aggravating circumstance (prior discipline[1]), the mitigating circumstances (absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and cooperative attitude toward the proceeding, inexperience in the practice of law, remorse, and acceptance of responsibility and intention to change her practice to avoid a similar occurrence in the future), *see* SCR 102.5, we agree that the discipline set forth above is sufficient to serve the purpose of attorney discipline. *See In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (identifying four factors that must be weighed in determining the

---

[1]Hillewaert's prior discipline consisted of a 2014 letter of reprimand for violating RPC 3.2 (expediting litigation) and RPC 3.4 (fairness to opposing party and counsel) in a different case.

appropriate discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors"); ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (2015) (providing that absent aggravating or mitigating circumstances, "[s]uspension is generally appropriate when . . . a lawyer knowingly fails to perform services for a client . . . or . . . engages in a pattern of neglect and causes injury or potential injury to a client"); *see also State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

We hereby impose a 60-day suspension to be stayed for 24 months with the conditions outlined above. Hillewaert must also pay for the costs of the disciplinary proceeding in the amount of $750 plus the court reporter and mailing costs within 60 days of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

 

cc: Chair, Northern Nevada Disciplinary Board
Hillewaert Law Firm
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court